802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VERNON E. RODMAN Plaintiff-Appellant
v.
TERRY TAYLOR; OFFICER HERSHEL; DR. WATTANSERN; GEORGE
DENTON; JAMES RHODES; WILLIAM BROWN, Defendants-Appellees.
 No. 86-3247.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1986.
 
 1
 BEFORE: JONES and NELSON, Circuit Judges; and CELEBREZZE, Senior Circuit Judge
 
 ORDER
 
 2
 This matter is before the Court upon the motion of the appellant, Vernon Rodman, to proceed in forma pauperis and for appointment of counsel. The appellant is appealing the February 19, 1986, order of the district court granting the motion for summary judgment and dismissing the remaining defendants, Dr. Wattanasarn, and an Officer Hursey at the Columbus Correctional Facility, from the case.[1] The other defendants had previously been dismissed from the case because the complaint contained no allegations that they personally participated in the alleged denial of medical treatment. See Monell v. New York City Department of Social Services, 436 U.S. 658, 694 n.58 (1978).
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The appellant was formerly incarcerated in the Columbus Correctional Facility and alleges that he was denied all medical care during his two months incarceration at Columbus Correctional Facility in 1981. He states that his requests for a cane, orthopedic shoes, back brace, and assignment to the first floor were ignored. He also alleges that his requests for sick call were thrown away by Officer Hursey and that the appellant was not permitted to see a chiropractor.
 
 
 5
 As noted by the district court and by the appellant himself during his deposition, the appellant was given medical attention while at Columbus Correctional Facility. The Eighth Amendment proscribes "deliberate indifference to the serious medical needs of prisoners." The appellant has not proven any "deliberate indifference." Estelle v. Gamble, 429 U.S. 97, 104 (1976), reh'g denied, 429 U.S. 1066 (1977).
 
 
 6
 Appellant alleges that Officer Hursey threw away his "kites" or requests for medical treatment. He bases this claim upon a former inmate's story, whose name the appellant does not know and who is now dead. The appellant's claim cannot stand on this hearsay accusation.
 
 
 7
 It appears that the issues on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the motion to proceed in forma pauperis and for appointment of counsel is denied, and it is ORDERED that the final judgment of the district court be affirmed.
 
 
 
 [1]
 The complaint and docket sheet refer to the defendants as Dr. Wattansern and Officer Hurshel; the district court refers to the defendants as Dr. Wattanasarn and Officer Hursey